## George W. Tilley v. The State.

Where one who has been jointly indicted with others is convicted, such conviction does not take away his competency as a witness for his co-defendants. It seems that if the punishment is by fine, that it should be first paid before he is competent.

Appeal from Wharton. Tried below before Hon. J. H. Bell.

The appellant and one Dukes were jointly indicted for gaming. They severed, and Dukes was convicted and paid his fine. Upon the trial of the appellant he offered Dukes as a witness in his defence, who, upon objection being made to his competency, was excluded. The accused was found guilty and appealed, assigning as error this ruling of the Court.

*J. Willie*, Attorney General, for the State.

Tilley v. The State.

WHEELER, J. The Code changes the Common Law rules of evidence only in so far as they conflict with its provisions. (C. C. P. Art. 638.) Article 589 of the Code of Criminal Procedure and the concluding sentence of Article 230 of the Penal Code are but declaratory of the Common Law. (1 Greenl. Ev. Section 379.) And so considered they cannot be held to operate a repeal by implication, and cannot effect a change in the Common Law rules of evidence. They do not "conflict" with the rules of the Common Law. The Code operates no repeal by implication of the rules of evidence of the Common Law. That is forbidden by the Article first above cited. It follows that the provision that persons charged as principals, accomplices, &c., may testify after having been acquitted, being only declaratory, does not change the rule of the Common Law as respects their competency after conviction. But the preceding portion of the Article last cited, (P. C. Art. 230,) in so far as it disallows the introduction as witnesses for one another, of "persons charged as principals, accomplices, or accessaries, whether in the same or by different indictments," does change the Common Law rule of evidence. For, by the Common Law, one indicted as an accomplice, if not put on his trial at the same time with his companions in crime, was competent to testify either for or against them. (1 Greenl. Ev. Sec. 379.) In so far then, but no farther, does the Code change the rule at Common Law, that while the prosecution is pending against all the defendants, and they all stand charged, neither having been acquitted nor convicted, they are not competent to testify as witnesses for one another. This, we think, is the extent of the change of the rule of evidence effected by the Code. But here the defendant had been convicted and had suffered the punishment; and was thereby rendered a competent witness for his co-defendant. If one jointly indicted has been convicted, and the punishment is by fine only, he is admitted for the others, if he has paid the fine. (Id.) He no longer stands "charged" with his companion in

crime. The prosecution, as to him, is at an end ; the fine, as the term imports, is the end of the law, and its payment is an end of the matter of the prosecution as to him. The conviction did not take away his competency to be a witness. (C. C. P. Art. 644.) And we are of opinion that the Court erred in refusing to admit him to testify for his co-defendant. The judgment is, therefore, reversed and the cause remanded.

Reversed and remanded.