### John Ellege v. The State.

One who has been convicted and fined, if jointly indicted with the defendant, is not a competent witness for him, unless he has paid the fine.

Appeal from Henderson. Tried below before the Hon. Reuben A. Reeves.

The appellant, and F. M. Hanks, were jointly indicted for an aggravated assault. Upon the trial of the appellant, he offered Hanks as a witness, who, at the previous term of the court, had pleaded guilty, and had been fined; but it did not appear that

he had paid the fine.   On objection being made, he was excluded. The defendant was found guilty, and appealed, assigning this ruling of the court for error.

*R. F. Dunn,* for the appellant.

*Attorney-General,* for the appellee.

WHEELER, C. J.—We are of opinion, that the court did not err in excluding the witness, Hanks.   Article 230 of the Penal Code, provides that " persons charged as principals, accomplices, or accessories, whether in the  same indictment, or in different indictments, cannot be introduced as witnesses for one another ; but they may claim a severance; and if any one or more be acquitted, they may testify in behalf of the others."

In Tilley v. The State, 21 Texas Rep. 200, we held, that one jointly indicted and convicted, whose punishment was fine only, and who had paid the fine, was a competent witness for the other defendant.   But in this case, it does not appear that the party who was offered as a witness had paid the fine.   Without such proof, he was certainly incompetent.   The judgment is affirmed.

Judgment affirmed.